**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**RICKY RONNELLL EWING**                                              **PLAINTIFF**

**v.**                                                                                   **1:16-cv-93-HSO-JCG**

**DRUETTA TAYLOR** *Case Manager,*
**UNKNOWN MILLER** *Officer,* **and**
**UNKNOWN WALKER** *Officer*                                **DEFENDANTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Motion for Summary Judgment for Failure to Exhaust Available Administrative Remedies (ECF No. 21), filed by Defendants Druetta Taylor, Unknown Miller, and Unknown Walker. Plaintiff Ricky Ronnell Ewing is a postconviction prisoner in the custody of the Mississippi Department of Corrections (MDOC) who is proceeding *pro se* and *in forma pauperis.* Plaintiff has not responded to Defendants' Motion for Summary Judgment but admits in his Complaint that he did not fully exhaust the Administrative Remedy Program (ARP) adopted by the MDOC before filing this lawsuit. Plaintiff's claims are barred by 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust available administrative remedies, and Defendants' Motion for Summary Judgment should be granted.

## I. BACKGROUND

Plaintiff is a frequent *in forma pauperis* prisoner filer, who had one qualifying dismissal or "strike" at the time he filed this suit on March 10, 2016.[1] He has since accumulated two more strikes.[2] There are currently twelve suits pending in this Court filed by Plaintiff.[3]

In this suit, Plaintiff's primary allegation is that he was threatened by his case manager, Defendant Taylor. (ECF No. 1, at 4). In the space provided on the form Complaint, Plaintiff checked "yes" when asked if he had completed the ARP regarding the claims presented in his Complaint. Plaintiff followed this response by writing [all sic in original]:

---

[1] A qualifying dismissal or "strike" is "an action or appeal in a court of the United States that [is] dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). A prisoner with three of more strikes cannot proceed *in forma pauperis* in a civil action or appeal "unless the prisoner is under imminent danger of serious physical injury." *Id*. In *Ewing v. Jones,* 1:15-cv-254-HSO-JCG (S.D. Miss. Feb. 1, 2016), Plaintiff's suit was dismissed as malicious because Plaintiff was pursuing the same claims in civil action number 1:15-cv-253-LG-RHW.

[2] In *Ewing v. Cooley,* 1:15-cv-277-HSO-JCG (S.D. Miss. Apr. 11, 2016), Plaintiff's claims were dismissed with prejudice as frivolous and for failure to state a claim. In *Ewing v. Richie*, 1:16-cv-90-HSO-JCG (May 17, 2016), claims against certain defendants were dismissed for failure to state a claim, and the remainder of the case is pending.

[3] *Ewing v. May,* 3:14-cv-474-LRA (S.D. Miss.); *Ewing v. Woodall,* 1:15-cv-253-LG-RHW (S.D. Miss.); *Ewing v. Banks,* 1:15-cv-298-RHW (S.D. Miss.); *Ewing v. Cooley,* 1:15-cv-381-HSO-JCG (S.D. Miss.); *Ewing v. Peabody,* 1:16-cv-46-HSO-JCG (S.D. Miss.); *Ewing v. Peabody,* 1:16-cv-52-HSO-JCG (S.D. Miss.); *Ewing v. Sanford,* 1:16-cv-56-HSO-JCG (S.D. Miss.); *Ewing v. William,* 1:16-cv-76-LG-RHW (S.D. Miss.); *Ewing v. Richie,* 1:16-cv-90-HSO-JCG (S.D. Miss.); *Ewing v. Frost,* 1:16-cv-121-LG-RHW (S.D. Miss.); *Ewing v. Horn,* 1:16-cv-122-LG-RHW (S.D. Miss.).

> ARP Process having sent it back been for every. Here is a copy of it. J. Cooley and R. Pennington is not processing my ARP.
> . . .
> I went through the ARP first. J. Cooley and R. Pennington is not process each one of my ARP.
> . . .
> Having heard anything yet. Still waiting. My ARP is been tempted with.

*Id.* at 3.

Defendants have offered the affidavit of Joseph Cooley, custodian of ARP records, who avers:

> That Ricky Ewing 34353 has filed a grievance through The Administrative Remedy Program at SMCI concerning a conflict with Ms. Taylor (Backlog #28).
>
> This grievance is in backlog because there are previous Grievances that will be processed before this one.

(ECF No. 21-1, at 1).

## II. DISCUSSION

A. <u>Legal Standard</u>

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a summary judgment

motion, the Court must construe "all facts and inferences in the light most favorable to the nonmoving party." *McFaul v. Valenzuela,* 684 F.3d 564, 571 (5th Cir. 2012).

B. <u>Analysis</u>

Under the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the U.S.C.), prisoners are required to exhaust available administrative remedies before filing a conditions-of-confinement lawsuit:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The PLRA's exhaustion requirement protects administrative agency authority, promotes efficiency, and produces "a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). A prisoner's failure to exhaust available administrative remedies undermines these purposes.

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

4

*Id.* at 95.

Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). Dismissal is mandatory where a prisoner fails to properly exhaust available administrative remedies before filing suit in federal court. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury." *Dillon,* 596 F.3d at 272.

The Mississippi Code grants MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Miss. Code Ann. § 47-5-801. MDOC has implemented the ARP through which prisoners may seek formal review of a complaint or grievance relating to any aspect of their incarceration.[4] Effective September 19, 2010, the ARP is a two-step process. *Threadgill v. Moore,* No. 3:10cv378-TSL-MTP, 2011 WL 4388832, *3 n.6 (S.D. Miss. July 25, 2011).

The Fifth Circuit has recognized that the procedure of backlogging in a prison administrative program is constitutional and does not excuse a prisoner's failure to exhaust available administrative remedies. *Wilson v. Boise,* 252 F.3d

---

[4]*See* MDOC Inmate Handbook, Ch. VIII, Administrative Remedy Program, http://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx

1356 (5th Cir. 2001). The Fifth Circuit held in *Wilson v. Boise* that the plain meaning of the PLRA compelled this result as well as public policy:

> Wilson's backlogged claims result directly from his own litigiousness. Were we to hold prison authorities to the standard deadlines on all claims, prisoners could easily circumvent the requirement of exhaustion simply by filing voluminous numbers of complaints, knowing that the authorities would not be able to address all of them in a timely fashion.

*Id.* at *4.

In *Wilson v. Epps,* the Fifth Circuit addressed MDOC's ARP specifically and held that a prisoner plaintiff "cannot maintain a suit founded on any claim that he presented to the prison in only a step-one ARP, irrespective of whether the prison responded within the time allotted for rendering step-one response." 776 F.3d 296, 301 (5th Cir. 2015). The Fifth Circuit noted that the prisoner's "complaint makes clear that he neither received a final-step response from the prison nor filed a final-step appeal and sued only after the prison failed to timely respond at that point." *Id.* at 302. Summary judgment in favor of the defendants was affirmed. *Id.*

As established by Plaintiff's own averments in his Complaint and the affidavit of Joseph Cooley, Plaintiff only filed a step-one ARP concerning the claims in this suit. It was backlogged due to previous grievances filed by Plaintiff. The law is clear that backlogging of Plaintiff's grievance does not excuse his failure to exhaust available administrative remedies. Backlogged claims result directly from Plaintiff's own litigiousness. Plaintiff cannot

circumvent the requirement of exhaustion by filing voluminous numbers of complaints. Plaintiff's claims are barred by 42 U.S.C. § 1997e(a) and should be dismissed without prejudice.

### III. <u>RECOMMENDATION</u>

It is recommended that the Motion for Summary Judgment for Failure to Exhaust Available Administrative Remedies (ECF No. 21), filed by Defendants Druetta Taylor, Unknown Miller, and Unknown Walker, be GRANTED and Plaintiff's claims dismissed without prejudice.

### IV. <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did

7

not object.  *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

   **SIGNED,** this the 17th day of November, 2016.

*s/ John C. Gargiulo*<br>
JOHN C. GARGIULO<br>
UNITED STATES MAGISTRATE JUDGE