# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**RICKY RONNELL EWING**                                                      **PLAINTIFF**

**v.**                                     **CIVIL ACTION NO. 1:16cv93-HSO-JCG**

**DRUETTA TAYLOR,** *Case Manager, et al.*                      **DEFENDANTS**

### ORDER OVERRULING PLAINTIFF'S [25] OBJECTIONS, ADOPTING MAGISTRATE JUDGE'S [23] REPORT AND RECOMMENDATION, AND GRANTING DEFENDANTS' [21] MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Plaintiff Ricky Ronnell Ewing's Objections [25] to the Report and Recommendation [23] of United States Magistrate Judge John C. Gargiulo, entered in this case on November 17, 2016, regarding Defendants' Motion for Summary Judgment [21]. Based upon his review of Defendants' Motion [21], the related pleadings, and relevant legal authority, the Magistrate Judge determined that Plaintiff had not exhausted his available administrative remedies and recommended that Defendants' Motion for Summary Judgment [21] be granted and that this case be dismissed without prejudice. R. & R. [23] at 7.

After thoroughly reviewing Plaintiff's Objections [25], the Magistrate Judge's Report and Recommendation [23], Defendants' Motion for Summary Judgment [21], the record, and relevant legal authority, the Court finds that Plaintiff's Objections [25] should be overruled and that the Magistrate Judge's Report and Recommendation [23] should be adopted as the finding of the Court. Defendants'

Motion for Summary Judgment [21] should be granted, and this case dismissed without prejudice.

## I. BACKGROUND

Plaintiff Ricky Ronnell Ewing ("Plaintiff" or "Ewing") filed a Complaint [1] pursuant to 42 U.S.C. §1983 in this Court on March 10, 2016. At that time, Plaintiff was incarcerated at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi. *See* Compl. [1] at 1. The Complaint [1] named as Defendant Mrs. Taylor, Case Manager. *Id.* After Plaintiff responded to the Court's Order [6] requiring additional information, the Court directed the Clerk to amend the docket to reflect that the named Defendants were Druetta Taylor, Case Manager; Officer Miller; and Officer Walker. Order [8] at 1.

Plaintiff alleges that on December 30, 2015, Taylor placed her hands on him, pushed him away, threatened him, and verbally assaulted him because he was informing Miller than he needed to "go to medical." Compl. [1] at 4; Resp. [7] at 1-2; Aff. [1-2] at 1. Miller allegedly refused to allow Plaintiff to obtain treatment, even though he was in pain. Compl. [1] at 4; Resp. [7] at 2; Aff. [1-2] at 1. Plaintiff alleges that on February 9, 2016, Taylor again threatened him and called him offensive names. Aff. [1-2] at 5. Plaintiff asserts that he requested a mat from Walker, but that Walker did not provide him one. *Id.*

In the form Complaint for § 1983 claims, Plaintiff responded affirmatively when asked whether he had "completed the Administrative Remedy Program ["ARP"] regarding the claims presented in this complaint?" Compl. [1] at 3.

Plaintiff stated that he had completed an ARP form, which he attached as an exhibit to his Complaint, but that a J. Cooley and R. Pennington had not processed his ARP. *Id.* Plaintiff had not "heard anything yet" and was "still waiting." *Id.* According to Plaintiff, his "ARP [has] been tempted [sic] with." *Id.*

On September 12, 2016, Defendants filed a Motion [21] for Summary Judgment for Failure to Exhaust available Administrative Remedies. Defendants argued that Plaintiff failed to exhaust his available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (the "PLRA"), mandating dismissal of his claims. Defs.' Mem. [22] at 5-6. Defendants have presented evidence that Plaintiff's grievance is in backlog because there are previous grievances which will be processed before this one. Aff. of Joseph Cooley [21-1] at 1. Plaintiff did not respond to Defendants' Motion [21].

On November 17, 2016, the Magistrate Judge entered a Report and Recommendation [23]. The Magistrate Judge determined that Plaintiff had failed to exhaust his available administrative remedies and recommended that Defendants' Motion [21] for Summary Judgment be granted and that Plaintiff's claims be dismissed without prejudice. R. & R. [19] at 6-7.

Plaintiff submitted Objections [25] to the Report and Recommendation, again claiming that he did in fact file an ARP at SMCI and attaching an ARP as an exhibit. Objs. [26] at 2; ARP [25-1] at 1. Plaintiff argues that his ARP has not been processed and maintains that he should be permitted to proceed to trial on his claims. Objs. [25] at 3.

## II. DISCUSSION

A. Standard of review

Because Plaintiff has filed written Objections [25] to the Magistrate Judge's Report and Recommendation, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Rule 8(b) of Rules Governing Section 2254 Cases in the United States District Courts. "Such review means that this Court will examine the entire record and will make an independent assessment of the law." *Lambert v. Denmark,* Civil No. 2:12-cv-74-KS-MTP, 2013 WL 786356, *1 (S.D. Miss. Mar. 1, 2013). In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

B. Plaintiff was required to exhaust his available administrative remedies prior to filing suit.

"The PLRA requires prisoners to exhaust 'such administrative remedies as are available' prior to filing a § 1983 action regarding prison conditions." *Cowart v. Erwin*, 837 F.3d 444, 451 (5th Cir. 2016) (quoting 42 U.S.C. § 1997e(a)). The United States Supreme Court has held that § 1997e's exhaustion "language is 'mandatory.'" *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). "And that mandatory language means a court may not excuse a failure to exhaust, even to take [any special] circumstances into account." *Id.* "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Id.*

The United States Court of Appeals for the Fifth Circuit has explained that "[t]he prison's grievance procedures, and not the PLRA, define the remedies that are available and must thus be exhausted." *Cowart*, 837 F.3d at 451. The Fifth Circuit takes a "'strict' approach to § 1997e's exhaustion requirement, under which prisoners must not just substantially comply with the prison's grievance procedures, but instead must exhaust available remedies *properly*." *Id.* (emphasis in original) (quotation omitted).

The MDOC utilizes a "formal two-step process for handling inmate grievances." *Yankton v. Epps*, 652 F. App'x 242, 245 (5th Cir. 2016) (citing Miss. Code § 47-5-801, *et seq.*; *Wilson v. Epps*, 776 F.3d 296, 300 n.2 (5th Cir. 2015)).

> "[T]o ensure their right to use the formal [ARP]," inmates "must make their request to the Adjudicator in writing within a 30 day period after an incident has occurred." [Inmate Handbook, MDOC, ch. VIII, sec. IV.] They are, however, discouraged from making repetitive requests and "are encouraged to continue to seek solutions to their concerns through informal means." [*See id.*]
>
> Prior to the "first step" of this procedure, the Adjudicator screens the request to determine whether it meets specified criteria. [*See id.* at ch. VIII, sec. V.] If a request fails to meet that criteria, the Adjudicator will reject it and notify the inmate via Form ARP–1. [*See id.* at ch. VIII, sec. VI.] If the request meets the criteria, however, the Adjudicator will accept it into the ARP, and the request will then proceed to the first step. At the first step, the appropriate MDOC official receives the request via Form ARP–1 and provides a "first-step response" to the request via Form ARP–2. If the inmate is satisfied with this first-step response, he does not need to do anything further. If unsatisfied, however, the inmate may then proceed to the "second step" by indicating as much on the same Form ARP–2. At the second step, another appropriate MDOC official, such as a warden, provides the "second-step response" via Form ARP–3. If unsatisfied with the second-step response, the inmate may then bring a claim in court. [*See* Inmate Handbook, MDOC, ch. VIII, sec. IV.]

*Id.*

"MDOC employs a 'backlogging' policy under which only one ARP is considered active at a time, while the rest are maintained in 'backlog.'" *Wilson*, 776 F.3d at 300. The Fifth Circuit has "recognized that backlogging is not unconstitutional, nor does it abrogate § 1997e's exhaustion requirement." *Id.* at 301.

C. <u>Plaintiff's claims should be dismissed without prejudice for failure to exhaust administrative remedies.</u>

Plaintiff has been a frequent-filer in this Court. Since October 2011, Plaintiff has filed 14 lawsuits under 42 U.S.C. § 1983 in this Court, including four in 2015, eight in 2016,[1] and one petition for writ of habeas corpus in 2015.[2] Plaintiff has now accumulated three strikes under 28 U.S.C. § 1915(g). *See Ewing v. Jone, et al.*, No. 1:15cv254-HSO-JCG, Order [15] (S.D. Miss. Feb. 1, 2016); *Ewing v. Cooley, et al.*, No. 1:15cv277-HSO-JCG, Order [9] (S.D. Miss. Apr. 11, 2016); *Ewing v. Richie, et al.*, No. 1:16cv90-HSO-JCG, Order [11] (S.D. Miss. May 17, 2016).

Defendants have presented evidence that, while Plaintiff has filed a grievance, it is in backlog due to his previously-filed grievances which will be

---

[1] *See Ewing v. Davis, et al.*, No. 4:11cv176-HTW-LRA; *Ewing v. May, et al.*, 3:14cv474-LRA; *Ewing v. Woodall, et al.,* No. 1:15cv253-LG-RHW; *Ewing v. Jone, et al.*, 1:15cv254-HSO-JCG; *Ewing v. Cooley, et al.*, No. 1:15cv277-HSO-JCG; *Ewing v. Banks, et al.*, No. 1:15cv298-RHW; *Ewing v. Peabody, et al.*, No. 1:16cv46-HSO-JCG; *Ewing v. Peabody, et al.*, 1:16cv52-HSO-JCG; *Ewing v. Sanford*, No. 1:16cv56-HSO-JCG; *Ewing v. William*, No. 1:16cv76-LG-RHW; *Ewing v. Richie, et al.*, 1:16cv90-HSO-JCG; *Ewing v. Taylor, et al.*, No. 1:16cv93-HSO-JCG; *Ewing v. Frost*, No. 1:16cv121-LG-RHW; *Ewing v. Horn, et al.*, No. 1:16cv122-LG-RHW.

[2] *See Ewing v. Cooley, et al.*, No. 1:15cv381-HSO-JCG.

processed before this one.  Aff. of Joseph Cooley [21-1] at 1.  Plaintiff did not respond to Defendants' Motion [21], nor did he offer any competent summary judgment evidence to contradict Defendants' evidence of this backlog.  Instead, Plaintiff asserts that he has filed an ARP every time an "incident happen bad to me." Obj. [25] at 3.

Having conducted a de novo review of the record, the Court agrees with the conclusions reached by the Magistrate Judge.  There can be no genuine dispute that Plaintiff has failed to properly exhaust his available administrative remedies prior to filing this action, as his ARP remains in backlog as a result of his own filings. Because of Plaintiff's failure to exhaust, dismissal is appropriate.  *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).  Defendants' Motion [21] for Summary Judgment should be granted, and Plaintiff's claims should be dismissed without prejudice.

### III.  CONCLUSION

Plaintiff's Objections [25] will be overruled, and the Magistrate Judge's Report and Recommendation [23] will be adopted as the finding of this Court. Defendants' Motion for Summary Judgment [21] will be granted, and Plaintiff's claims will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Ricky Ronnell Ewing's Objections [25] are **OVERRULED**, and the Report and Recommendation [23] of United States Magistrate Judge John C. Gargiulo, entered

in this case on November 17, 2016, is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants' Motion for Summary Judgment [21] is **GRANTED**, and Plaintiff Ricky Ronnell Ewing's claims are **DISMISSED WITHOUT PREJUDICE**. A separate final judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 17th day of May, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE